MAY, J.,
dissenting.
I respectfully dissent from the majority’s decision to affirm. I would reverse the final judgment of dissolution as it relates to child support for the reasons expressed below.
In his initial brief, the former husband argues that in calculating child support, the trial court used his gross income instead of his net income, failing to account for his income tax, social security, Medicare, and health insurance deductions. He suggests that without an explanation of how the court arrived at the $5,894 income *942 figure, the court must have used his gross income. He claims that his gross bi-weekly income is $2,981.96 for a total of $5,968.92 per month, suspiciously close to the figure used by the court.
: The former wife responds that the trial court properly calculated the former husband’s net income based on figures provided by the former husband. She explains that the court corrected a scrivener’s error, where the former husband’s financial affidavit initially reflected $810 for child support paid for other children, but. was meant to reflect the temporary child support ordered prior to the dissolution in this case. The former wife then suggests that the court properly included bonus monies paid to the former husband in addition to his salary. Lastly, she argues that the former husband invited any error since he provided the financial information on his affidavit.
In his reply brief, the former husband explains that the bonus monies were not recurring. Testimony supported' the unique nature of the bonus monies for the preceding year. He suggests that by including the bonus monies, the trial court incorrectly calculated his income for child support purposes.
The majority claims that any error by the court in adding his bonus monies was “invited error” because the former husband candidly included that income on his financial affidavit. I disagree. We can only hope that litigants candidly advise the court of their income. Testimony revealed however that this bonus was not recurring. It should not have been included in calculating the former husband’s net income.
The majority 'correctly notes that the former husband did not use the word “bonus” in his initial brief. Nevertheless, his argument is that his-net income was incorrectly calculated, and that without explanar tion, it was impossible to determine how the trial court arrived at the figure used for calculating. child support. When the former wife responded that the net income included the bonus monies, the- former husband explained in his reply brief that the bonus monies were not recurring. Admittedly, the income miscalculation issue was argued in a broader context in the initial brief, with the bonus monies specifically being addressed in the reply brief. The bottom line: the bonus monies were raised in rebuttal and therefore properly considered in resolving this appeal.
The parties agree that child support should be based upon net income. Here, the 'trial court noted the temporary support order determined child support of $812.[4] Yet, it ordered child support of $1,070.21. It does not appear that the court could have reached that figure without including thé bonus monies. However, the record reveals that the bonus moniés the former husband candidly disclosed were not recurring. There was no contrary evidence. This means that the child support must be reversed and the case remanded to the trial court for recálculation of the former husband’s net income. See Savery v. Savery, 670 So.2d 1034, 1035 (Fla. 4th DCA 1996).

. The majority claims the court corrected a $810 scrivener’s, error, but the final judgment reflects $812 ordered as temporary child support. This is'just another example of why the net income needs to be recalculated.